**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ARCHIE JOHNSON**                                                **PLAINTIFF**

**v.**                                                                 **No. 4:10CV28-A-S**

**WARDEN JAMES BREWER, ET AL.**                            **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Archie Johnson, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Allegations**

At all relevant times, the plaintiff was an inmate in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Mississippi State Penitentiary ("MSP"). He alleges that defendants James Brewer (Former Warden at MSP) and Christopher Epps (Commissioner of MDOC) discriminated against him due to his medical condition and also caused his medical privacy to be violated. He alleges that he was not allowed to be housed in general population and not allowed certain jobs and programs within the prison due to his medical classification as HIV positive. Johnson also alleges that his right to medical privacy was violated because he was housed with other HIV positive inmates in Unit 29 at MSP, leading other inmates and prison officials to conclude that he is HIV positive. Johnson alleges that these allegations constitute a violation of the Eighth and Fourteenth Amendments as well as Section 504 of the Rehabilitation Act of 1973 and the Disability Act of 1990. He seeks declaratory relief

and compensatory damages for emotional distress, psychological damage and humiliation. Johnson has not alleged physical injury.

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

### *Respondeat Superior*

Section 1983 liability cannot be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable cause of action pursuant to § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, the plaintiff does not allege that defendants Epps and Brewer had any personal involvement or caused the alleged incident in any way. He alleges, without supporting facts, that he was not allowed to be housed in general population and not allowed certain jobs or privileges programs because he is infected with HIV. As set forth in the affidavits of defendants Brewer and Epps, Exhibits "A" and "B" to the instant motion, neither defendant has any role or responsibility regarding the classification, choice of housing, job assignment, or approval of privileges or programs for inmates. These matters are determined by

the classification department. Thus, neither defendant had any role in the alleged violation of medical privacy, because the plaintiff alleged that other inmates determined his HIV status based solely upon his housing assignment with other HIV positive inmates. As neither defendant has any influence regarding the issues affecting the plaintiff in this case, the case must be dismissed for failure to state a constitutional claim.

## Claims Fail on the Merits

Johnson's discrimination and privacy claims also fail on the merits. He claims that he was denied housing in general population as well as certain unnamed jobs, privileges, and programs because he is HIV positive. HIV- infected inmates do not, however, constitute a suspect class entitled to special consideration under the Equal Protection Clause. *Doe v. Wigginton*, 21 F.3d 733, 739-40 (6th Cir. 1994). As such, if the defendants' alleged actions serve a "legitimate penological interest," then they are permitted under the law. *See Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Indeed, the identification and segregation of HIV-positive prisoners serves a "legitimate penological purpose." *Moore v. Mabus*, 976 F.2d 268, 271 (5th Cir. 1992). Thus, even based upon the plaintiff's bare allegations, he has not stated a valid discrimination claim.

The plaintiff's claims also fail because inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 450 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Prisoner

classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). The same is true regarding prison jobs. Inmates have no constitutional right to a particular job assignment. *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). Inmates have no right to prison programs such as educational or vocational training. *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988)). This claim is wholly without merit and will be dismissed.

**Right to Medical Privacy**

Johnson alleges that his housing assigment with other HIV positive inmates made it clear to others that he was HIV positive in violation of his medical privacy. Prisoners retain only a minimal constitutional interest in privacy after incarceration. *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002). Though the Second and Third Circuits have recognized a limited Fourteenth Amendment right to privacy for prisoners against the purposeful disclosure of their HIV-positive status, subject to legitimate penological interests, *Warren v. Epps, et al.,* 2011 WL 3349829, at *7 (S.D. Miss.) (*citing Walker v. Gerald*, 2006 WL 1997635, at *5 (E.D. La.2006)), the Fifth Circuit has recognized no such right. *Id*.

In addition, Johnson alleges only that the alleged disclosure occurred solely because he was housed with other HIV-positive inmates – a far cry from purposeful disclosure of his HIV positive status – and serves a legitimate penological interest in preventing the spread of a potentially deadly and incurable disease. *See Moore v. Mabus*, 976 F.2d 268, 271 (5th Cir. 1992). Johnson's claim that his right to medical privacy was violated is without merit and will be dismissed.

**Conclusion**

In sum, the motion by the defendants for summary judgment will be granted. All of the plaintiff's claims are without merit and will be dismissed for failure to state a claim upon which relief could be granted. Judgment will be entered for the defendants. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 17th day of August, 2012.

                                                    **/s/ Sharion Aycock**
                                                    **U. S. DISTRICT JUDGE**